# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

JOSE A. RUIZ-JUSTINIANO,

    Plaintiff,

    v.

UNITED STATES POSTAL SERVICE, et al.,

    Defendants.

CIVIL NO.: 16-1526 (MEL)

## OPINION AND ORDER

José A. Ruiz-Justiniano ("Plaintiff") filed an amended complaint on September 2, 2016, against Megan J. Brennan, in her official capacity as Postmaster General and Chief Executive Officer of the United States Postal Service, the United States Postal Service (hereinafter "Postal Service" or "USPS"), and the United States of America (collectively "Defendants"). ECF No. 20. Defendants' filed a motion for summary judgment and Plaintiff filed a cross motion for partial summary judgment. ECF Nos. 26; 40. On June 29, 2018, the court entered an opinion and order granting in part and denying in part Defendants' motion for summary judgment and denying Plaintiff's cross motion for partial summary judgment. ECF No. 72. Plaintiff's remaining claims are for sex discrimination for failure to hire against the Postmaster General under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e *et seq*.; age discrimination for failure to hire against the Postmaster General under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 621–634; and retaliation under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201–219, in regards to the second retaliation claim (April 4, 2015 incident). ECF No. 72, at 37. Pending before the court is Plaintiff's motion for reconsideration. ECF No. 75. Defendants filed a response in opposition and Plaintiff filed a reply. ECF Nos. 78; 81-1.

Plaintiff requests that the court "reconsider its ruling with regard to the wage discrimination claims [under Title VII and the ADEA] and the first instance of retaliation." ECF No. 75, at 9. Plaintiff brings this motion for reconsideration pursuant to "Federal Rules of Civil Procedure 59 and/or 60." ECF No. 75, at 1; see Fed. R. Civ. P. 59(e) ("Motion to Alter or Amend a Judgment."); Fed. R. Civ. P. 60(b) ("Grounds for Relief from a Final Judgment, Order, or Proceeding.").[1] "As with motions under Rule 59(e), a motion under Rule 60(b) cannot be used as a vehicle to relitigate matters already litigated and decided by the court." Standard Quimica De Venezuela v. Cent. Hispano Int'l, Inc., 189 F.R.D. 202, 205 n.4 (D.P.R. 1999) (citation omitted); Trabal Hernández v. Sealand Servs., Inc., 230 F. Supp. 2d 258, 260 (D.P.R. 2002) (denying defendant's motion for reconsideration under Rule 59(e) when the defendant repeated old arguments previously considered and rejected (quoting Nat'l Metal Finishing Co. v. BarclaysAmerican/Commercial, Inc., 899 F.2d 119, 123 (1st Cir.1990))); Fontanillas-López v. Morel Bauzá Cartagena & Dapena LLC, 136 F. Supp. 3d 152, 159 (D.P.R. 2015) (rejecting part of Plaintiff's motion under Rule 60(b) for attempting "to relitigate matters already decided by this court."), aff'd sub nom. Fontanillas-Lopez v. Morell Bauza Cartagena & Dapena, LLC, 832 F.3d 50 (1st Cir. 2016).

Plaintiff brings forth arguments that attempt to relitigate matters already decided by the court. As stated in this court's previous opinion and order, the Plaintiff brought forth evidence that suggests pretext in the context of a failure to hire claim under Title VII and the ADEA, but not in regards to wage discrimination. ECF No. 72, at 25–27. Plaintiff brings forth the same evidence and arguments here in his motion for reconsideration. ECF No. 75, at 4–7. Additionally, Plaintiff argues that the first retaliation claim should be reconsidered and takes issue with the analysis that the evidence brought to the court's attention was not sufficient for a jury to conclude

---

[1] Rule 59 is inapplicable in this situation as this rule addresses a "new trial" or "altering or amending a judgment," which is not the situation at hand. Fed. R. Civ. P. 59

that Plaintiff's first move to a day shift position was permanent, rather than temporary. However, this argument was also previously litigated and ruled upon by this court. ECF No. 72, at 34–35. Thus, Plaintiff's motion for reconsideration in regards to his wage discrimination claims under Title VII and the ADEA, and Plaintiff's first retaliation claim (December 1, 2014 incident), attempts to relitigate matters previously decided by the court. Therefore, Plaintiff's motion for reconsideration is denied.

Lastly, Plaintiff brings to the court's attention two alleged issues with the uncontested material facts. First, Plaintiff supplies a better quality image of "Exhibit OO," which was previously rejected by the court because it was an illegible photocopy. ECF No. 72, at 19 n.10. Plaintiff argues that his document shows that Plaintiff contacted the Postal Service EEO around August 11, 2014. ECF No. 75, at 8. Nonetheless, Plaintiff fails to elicit how this fact would have any impact on the court's previous decision, and thus this fact is immaterial for purposes of reconsideration.[2] Second, Plaintiff argues that footnote 11 states "'the incident or action that prompted you to seek EEO counseling' occurred on December 1, 2015," when it should state December 1, 2014. ECF No. 75, at 9. While this is accurate, Plaintiff once again fails to make an argument on how this date would impact the court's previous rulings in anyway. Moreover, footnote 11 discusses which day the form was completed: December 1 or December 15. The actual date used within the body of the court's opinion was correct: "December 15, 2014." ECF No. 72, at 19. Thus, neither of these factual allegations impact the previous opinion and order and do not aid Plaintiff in his motion for reconsideration.

For the foregoing reasons, Plaintiff's motion for reconsideration (ECF No. 75) is DENIED,

---

[2] Plaintiff's first retaliation claim was dismissed because Plaintiff was temporarily, not permanently, moved to a day shift position. ECF No. 72, at 35. Thus, the date that Plaintiff contacted the Postal Service EEO has no impact on this claim.

with the exception that footnote 11 in the opinion and order issued on June 29, 2018, (ECF No. 72) shall substitute December 1, 2014, for December 1, 2015.

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 20th day of September, 2018.

s/Marcos E. López
U.S. Magistrate Judge