# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

JOSE A. RUIZ-JUSTINIANO,

    Plaintiff,

v.

UNITED STATES POSTAL SERVICE, et al.,

    Defendants.

CIVIL NO.: 16-1526 (MEL)

## OPINION AND ORDER

    José A. Ruiz-Justiniano ("Plaintiff") filed an amended complaint on September 2, 2016, against Megan J. Brennan, in her official capacity as Postmaster General and Chief Executive Officer of the United States Postal Service, the United States Postal Service (hereinafter "Postal Service" or "USPS"), and the United States of America (collectively "Defendants"). ECF No. 20. Defendants' filed a motion for summary judgment and Plaintiff filed a cross motion for partial summary judgment. ECF Nos. 26; 40. On June 29, 2018, the court entered an opinion and order granting in part and denying in part Defendants' motion for summary judgment and denying Plaintiff's cross motion for partial summary judgment. ECF No. 72. Plaintiff's remaining claims are for sex discrimination for failure to hire against the Postmaster General under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e *et seq.*; age discrimination for failure to hire against the Postmaster General under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 621–634; and retaliation under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201–219, in regards to the second retaliation claim (April 4, 2015 incident). ECF No. 72, at 37. Pending before the court is Defendants' cross-motion for reconsideration under Rule 60(b)(6) of the Federal Rules of Civil Procedure in which the Defendants argue that Plaintiff's

remaining claims should be dismissed. ECF No. 78. Plaintiff filed a response in opposition. ECF Nos. 81-1.

Defendants bring their motion for reconsideration under Rule 60(b)(6). ECF No. 78, at 7. Rule 60(b) provides "grounds for relief from a final judgment, order, or proceeding." Fed. R. Civ. P. 60(b). Rule 60(b)(6) is a catchall provision and states that: "On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for . . . any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6). "District courts should grant Rule 60(b)(6) motions 'only where exceptional circumstances justifying extraordinary relief exist.'" Paul Revere Variable Annuity Ins. Co. v. Zang, 248 F.3d 1, 5 (1st Cir. 2001) (quoting Ahmed v. Rosenblatt, 118 F.3d 886, 891 (1st Cir.1997)); Standard Quimica De Venezuela v. Cent. Hispano Int'l, Inc., 189 F.R.D. 202, 205 n.4 (D.P.R. 1999) ("As to the last ground, [Rule 60(b)(6),] the request for relief must be based on extraordinary circumstances and the petition must be made within a reasonable time or, if not within a reasonable time, upon a showing of good reason to justify the delay."). District courts have "broad discretion" in determining if such circumstances exist. Paul Revere Variable Annuity Ins. Co., 248 F.3d at 5 (quoting Valley Citizens for a Safe Environment v. Aldridge, 969 F.2d 1315, 1317 (1st Cir.1992)).

Defendants' cross motion for reconsideration contains no arguments regarding any exceptional circumstances that justify relief in this case. Vargas v. González, 975 F.2d 916, 918 n.1 (1st Cir. 1992) (rejecting appellant's argument when "[t]he brief also cites Rule 60(b)(6) but identifies no 'extraordinary circumstances' that might bring this residual provision into play." (quoting González v. Walgreens Co., 918 F.2d 303, 305 (1st Cir.1990))). Moreover, Defendants did not bring arguments against Plaintiff's Title VII and ADEA claims for failure to hire in their motion for summary judgment and thus those claims survived Defendants' motion for summary

judgment. ECF No. 72, at 22. Similarly, Defendants' arguments now brought forth against Plaintiff's retaliation claim in regards to the second incident were not argued by Defendants in their motion for summary judgment. Defendants cannot now argue those claims that they should have brought forth in their motion for summary judgment. Fontanillas-López v. Morel Bauzá Cartagena & Dapena LLC, 136 F. Supp. 3d 152, 159 (D.P.R. 2015) ("After careful review, this court finds that Plaintiff's motion falls short of the required showing of exceptional circumstances that justify relief under Rule 60. Plaintiff's request simply rehashes arguments from her opposition to the motion for summary judgment, and alternatively, advances theories that could have been set forth for the court's consideration [at] that procedural juncture."), aff'd sub nom. Fontanillas-López v. Morell Bauzá Cartagena & Dapena, LLC, 832 F.3d 50 (1st Cir. 2016). Accordingly, Defendants' motion for reconsideration under Rule 60(b)(6) fails as it does not make any claims for "exceptional circumstances" but simply attempts to make arguments that should have been made at the summary judgment stage.

Even if Defendants' arguments were properly made under Rule 60(b)(6), they do not have merit. Defendants' claims rest on an alleged agreement made on February 26, 2015, during the Equal Employment Opportunity ("EEO") stage of the proceedings. As discussed in the court's previous opinion and order, this agreement made between Plaintiff and representatives of the postal service stated that Plaintiff was to be assigned to a Maintenance Engineering Specialist EAS-19 position and that this would "take care of the request for 'day shift' assignment issue." ECF No. 72, at 20. Defendants now argue that this agreement prevents Plaintiff from bringing a failure to hire claim for a position he applied to and was ultimately rejected from in March of 2014. ECF Nos. 78, at 8; 72, at 17. Defendants contend that Plaintiff applied to this position in early 2014 in order to obtain a day shift, thus the settlement agreement prevents Plaintiff's failure to hire

3

claim. ECF No. 78, at 5. However, there are multiple problems with Defendants' argument. First, the alleged settlement agreement begins with a title page that is labeled "NO AGREEMENT LETTER" and states that "[w]e appreciate [the parties'] participation; unfortunately, they were unable to resolve their dispute through this process." ECF No. 39-15, at 1. Thus, the agreement itself notes that the parties could not solve their dispute. Second, the agreement does not provide for damages for the amount of time that Plaintiff endured the night shift after he was denied the day shift position. If anything, Plaintiff was only awarded a day shift at that time. Furthermore, even if Defendants' argument was correct, the title on the alleged "settlement agreement" only states "ADEA" and makes no mention of Title VII. ECF No. 39-15, at 2.[1] Therefore, Defendants' request to dismiss Plaintiff's failure to hire claim under this motion for reconsideration is denied. Nonetheless, this does not relieve Plaintiff of his burden at trial to show that he was denied this position because of his age and/or gender.

Lastly, Defendants argue that Plaintiff's second retaliation claim also falls under this agreement: "if [Plaintiff] believed that Defendant breached the Settlement Agreement by changing his shift from day to night, his course of action for the possible violation of the Settlement Agreement of February 26, 2015, does not lie with this court, but rather in 29 C.F.R. §§ 1614.504(a)-(c) that covers the administrative proceeding to be exhausted in case of breach of

---

[1] Defendants also make a claim that "as to the hiring process for candidates outside postal service employees, the record shows that Defendant decided to fill the OIE position from **external** sources thru the so-called 'Talent Acquisition' program. This was well within Defendant's business discretion. It constituted a legitimate non-discriminatory and non-pretextual reason to fill the O.I.E. position from an outside source to include the setting of the recruitment wage for Ms. B. Rivera." ECF No. 78, at 8 (emphasis in original). Once again, Defendants fail to cite to any case law and make a general claim that "the record shows" without providing any specific citations to the record. At trial Defendants are free to present evidence of non-discriminatory reasons and Plaintiff shall likewise be given the opportunity to show pretext.
 Additionally, Defendants argue that "Plaintiff applied for a lateral transfer for the O.I.E. position, but was not given the assignment because he had requested an Industrial Engineer Job in Maintenance and was given the job." ECF No. 78, at 8. However, this was not a proposed fact made by either party at the summary judgment stage. Moreover, the established facts show that Plaintiff was rejected from the lateral transfer position in March of 2014 but was not given a maintenance engineering position until February of 2015. ECF No. 72, at 17, 20.

agreement claim." ECF No. 78, at 9. While Plaintiff may have had a claim for breach of this agreement, that does not prevent Plaintiff from also having a separate retaliation claim. As previously addressed in the court's opinion and order dated June 29, 2018 (ECF No. 72), Plaintiff filed an EEO formal complaint of discrimination on March 11, 2015, and on April 4, 2015, Plaintiff was ordered back to the night shift. ECF No. 72, at 20–21. There is a significant difference between Plaintiff suing because of a breach of contract for revoking an agreed upon day shift, and Plaintiff suing because of an alleged retaliation for filing a formal EEO complaint. A breach of contract claim does not preclude a retaliation claim. Defendants' request for the dismissal of Plaintiff's second retaliation claim is denied.

For the foregoing reasons, Defendants' cross motion for reconsideration under Rule 60(b)(6) (ECF No. 78) is DENIED.

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 20th day of September, 2018.

s/Marcos E. López
U.S. Magistrate Judge